UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
JAMES G. PAULSEN, Regional Director of :
Region 29 of the National Labor Relations Board, :
:
Petitioner, :
:
- against - : **FINAL JUDGMENT WITH**
: **INJUNCTIVE RELIEF**
RENAISSANCE EQUITY HOLDINGS, LLC :
RENAISSANCE EQUITY HOLDINGS, LLC A : 12 Civ. 0350 (BMC)
RENAISSANCE EQUITY HOLDINGS, LLC B :
RENAISSANCE EQUITY HOLDINGS, LLC C :
RENAISSANCE EQUITY HOLDINGS, LLC D :
RENAISSANCE EQUITY HOLDINGS, LLC E :
RENAISSANCE EQUITY HOLDINGS, LLC F :
RENAISSANCE EQUITY HOLDINGS, LLC G :
Collectively d/b/a FLATBUSH GARDENS, :
:
Respondents. :
:
:
------------------------------------------------------------ X

**COGAN**, District Judge.

Petitioner James G. Paulsen is a Regional Director of the National Labor Relations Board ("N.L.R.B." or "the Board"). He brings this proceeding pursuant to § 10(j) of the National

This matter having come before the Court on James G. Paulsen's petition for injunctive relief pending administrative review of an unfair labor practices charge against Renaissance Equity Holdings, LLC, A through G ("Renaissance"), and this Court having rendered its March 27, 2012, Memorandum Decision and Order, denying Renaissance's motion to dismiss and granting in part the petition for injunctive relief, it is hereby

ORDERED that the motion to dismiss is denied; and it is further

ORDERED, ADJUDGED AND DECREED, that Renaissance, its officers, agents, representatives, servants, employees, attorneys, and all members and persons acting in concert or participation with them, are hereby enjoined, pending the final disposition of the matters involved herein by the National Labor Relations Board, as follows:

1. Renaissance shall cease and desist from locking out unit employees at its 3301 Foster Avenue, Brooklyn, New York location.

2. Renaissance shall cease and desist from interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act.

3. Renaissance shall immediately reinstate all locked out unit employees to their former terms and conditions of employment, except that Renaissance may pay the employees 20% less than their former wages.

4. Renaissance shall immediately commence bargaining in good faith with Service Employees International Union, Local 32BJ.

5. Renaissance shall post copies of this Final Judgment with Injunctive Relief at all locations where employer notices to employees are customarily posted; maintain such notices free from all obstructions or defacements pending the N.L.R.B.'s administrative proceeding; and grant to agents of the N.L.R.B. reasonable access to Renaissance's facility to monitor compliance with this posting requirement.

6. Renaissance shall, within 20 days of the issuance of this Order, file with this Court and serve a copy upon petitioner, a sworn affidavit from a responsible official of Renaissance which describes with specificity how Renaissance has complied with the

terms of this decree, including the exact locations where Renaissance has posted the materials required under this Order.

**SO ORDERED.**

                                                            s/ BMC

                                                         U.S.D.J.

Dated: Brooklyn, New York
       March 27, 2012